IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 23-cv-01617-NRN

WIRELESSWERX IP LLC,

Plaintiff,

v.

GEOTAB USA, INC.,

Defendant.

---

**ORDER ON MOTION TO DISMISS FOR IMPROPER VENUE
UNDER FED. R. CIV. P 12(B)(3) (Dkt. #16)
and
ORDER TRANSFERRING CASE TO DISTRICT OF NEVADA**

---

**N. REID NEUREITER
United States Magistrate Judge**

This matter comes before the Court on Defendant Geotab USA, Inc.'s ("GeoTab USA") Motion to Dismiss for Improper Venue Under Fed. R. Civ. P. 12(b)(3) ("Motion to Dismiss"). Dkt. #16. The Parties have consented to the jurisdiction of a United States Magistrate Judge for all purposes (*see* Dkt. #21) and Chief Judge Brimmer issued an order of reference referring the matter for all purposes pursuant to 28 U.S.C. § 636(c). *See* Dkt. #22.

**Background**

This is a patent infringement case. Plaintiff WirelessWerx IP, LLC ("WirelessWerx") alleges that it is the exclusive owner of United States Patent No. 8,009,037 (the "'037 Patent") entitled "Method and System to Control Moveable Entities." WirelessWerx alleges that Geotab USA is infringing at least claim 1 of the '037

Patent by "making, using, testing, selling, offering for sale and/or importing into the United States" certain accused products. Based on Exhibit B to the Complaint (Dkt. #1-2), the accused infringing product appears to be a vehicle tracking device.

The venue allegations in the instant Complaint (Dkt. #1) are sparse. In paragraph 2 of the Complaint, WirelessWerx alleges, "On information and belief, Defendant is a Canadian corporation with a regular and established place of business at 2300 South Jason St. Denver, Colorado 80223." Dkt. #1 at ¶ 2. In paragraph 11 of the Complaint, WirelessWerx alleges the following:

> Venue is proper in this Court under 28 U.S.C. § 1400(b) based on information set forth herein, which is hereby repeated and incorporated by reference. Further, upon information and belief, Defendant has committed or induced acts of infringement, and/or advertise, market, sell, and/or offer to sell products, including infringing products, in this District. In addition, and without limitation, Defendant has regular and established places of business throughout this District, including at its regular and established place of business.

*Id.* at ¶ 11. There are no non-conclusory facts alleged that would support the allegations that Geotab USA has "regular and established places of business throughout this District, including at its regular and established place of business."

**Defendant Geotab's Motion to Dismiss**

On September 7, 2023, Geotab USA moved to dismiss pursuant to Fed. R. Civ. P. 12(b)(3) for improper venue. *See* Dkt. #16 (motion) and Dkt. #17 (brief in support). As an alternative to dismissal, Geotab USA asked that the case be transferred to the District of Delaware.

After the filing of Geotab's Motion to Dismiss, Geotab also sought to stay discovery pending the determination of the Motion to Dismiss on September 18, 2023. *See* Dkt. #18. WirelessWerx did not oppose staying discovery. *See* Dkt. #20. Therefore,

2

on September 28, 2023, the Court vacated the scheduling conference and stayed discovery pending a hearing on Geotab USA's Motion to Dismiss. *See* Dkt. #23.

WirelessWerx filed its opposition to the Motion to Dismiss on September 21, 2023. Dkt. #19. GeoTab USA filed its reply on October 4, 2023. Dkt. #26. The Court heard argument on the motion to dismiss on October 26, 2023. *See* Dkt. #30.

Geotab USA's motion is quite simple. Per 28 U.S.C. § 1400(b), and the United States Supreme Court's reasoning in *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 581 U.S. 258 (2017), venue in a patent case lies only where a company is incorporated or has a place of business. Per Geotab USA, it is incorporated in Delaware and its sole place of business is in Nevada. Dkt. #17 at 1.

WirelessWerx argues that because a Geotab USA-affiliated company, Lat-Lon, L.L.C. ("Lat-Lon"), has a place of business in Colorado, then GeoTab USA itself may be deemed to have a place of business in Colorado and venue is proper in this District. But Geotab USA insists that the Federal Circuit has squarely addressed the issue of whether the place of business of one corporation can be imputed to that of a corporate relative for patent venue purposes. Geotab USA argues that WirelessWerx has not made the necessary showing to establish venue in Colorado, and because it is the plaintiff's burden to establish that venue is proper, the case should be dismissed or transferred.

In support of its motion, Geotab USA submitted the sworn declaration of Geotab Inc.'s Corporate Secretary and Associate General Counsel, Matthew Donnelly. *See* Dkt. #17-1. Mr. Donnelly explains that GeoTab, Inc. ("Geotab Canada") is a Canadian corporation incorporated in Ontario, Canada. This Canadian entity has several direct

3

and indirect subsidiaries. One of its direct subsidiaries is Defendant Geotab USA. A separate direct subsidiary of Geotab Canada is BSM Technologies U.S. Holdings, Inc. ("BSM"), a Delaware corporation, which is in a different subsidiary line than Geotab USA. BSM itself has multiple subsidiaries, one of which is Lat-Lon, a Colorado limited liability company. *See* Dkt. #17-1 at ¶ 3. Per Mr. Donnelly, Geotab USA is incorporated in Delaware and has an office in Las Vegas, Nevada. Geotab USA's sole place of business is located in Nevada. *Id.* at ¶4. Mr. Donnelly also swears that Geotab USA and Lat-Lon are distinct companies, incorporated under the laws of different states. "Geotab USA does not have any ownership interest in Lat-Lon, nor does Lat-Lon have any ownership interest in Geotab USA." *Id.* at ¶ 5.

In opposing the Motion to Dismiss, Wirelesswerx argues that because (1) Lat-Lon has a place of business in Colorado, (2) Lat-Lon is related to Geotab through a common chain of ownership, and (3) there is evidence that Lat-Lon is "a Geotab company providing wireless GPS tracking and monitoring solutions for mobile assets," there is a sufficient basis for bringing this lawsuit in Colorado. Wirelesswerx says it would agree to a transfer of the action to Nevada if Geotab USA were to provide a declaration that it does not own or lease the Denver property where Lat-Lon operates and that it does not direct or control any employees of Lat-Lon. Dkt. #19 at 2.

Wirelesswerx also asks that, in the event it has not provided a sufficient factual basis for venue in the District of Colorado, the Court grant it the right to take some limited venue-related discovery to further probe whether Geotab USA owns or leases the Denver property that Lat-Lon operates or whether Geotab USA directly controls employees of Lat-Lon. *Id.* at 7.

4

**Analysis and Decision**

The burden for establishing proper venue is on the plaintiff. *Andra Group, LP v. Victoria's Secret Stores, L.L.C.*, 6 F.4th 1283, 1287 (Fed. Cir. 2021). 28 U.S.C. § 1400(b) provides that "[a]ny civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." A "domestic corporation 'resides' only in its State of incorporation for purposes of the patent venue statute." *Andra Group,* 6 F.4th at 1287 (citing *TC Heartland*, 581 U.S. 262). The requirement of venue is "specific and unambiguous; it is not one of those vague principles which, in the interests of some overriding policy, is to be given liberal construction." *Id.*

To show that a defendant has a regular and established place of business, there are three requirements: "(1) there must be a physical place in the district; (2) it must be a regular and established place of business; and (3) it must be the place of the defendant." *In re Cray Inc.*, 871 F.3d 1355, 1360 (Fed. Cir. 2017). "[A] 'regular and established place of business' requires the regular, physical presence of an employee or other agent of the defendant conducting the defendant's business at the alleged 'place of business.' *Andra Group,* 6 F.4th at 1287.

Based on the information before me and the sparse allegations of the Complaint, I agree with Geotab USA that WirelessWerx has not shown that Getotab USA, the actual Defendant in this case, has a place of business in Colorado. The focus of WirelessWerx's opposition is on a non-party, Lat-Lon, a different company, that lies of a different branch of the Geotab corporate ownership chain. The law is that where

5

separate companies have maintained corporate separateness, "the place of business of one corporation is not imputed to the other for venue purposes." *Andra Group*, 6 F. 4th at 1289. Here, WirelessWerx has not challenged the corporate separateness of Geotab and Lat-Lon, and there is no evidentiary basis on which the Court could conclude that Lon-Lat's place of business should be imputed to its distant corporate sibling, Geotab USA.

On the issue of WirelessWerx's alternative request to take venue discovery, that request is denied. WirelessWerx did not oppose Getotab USA's request for a stay of discovery pending the decision on the Motion to Dismiss. If WirelessWerx truly believed it needed venue-related discovery to respond to the Motion to Dismiss, then it should have asked for this limited discovery before responding to the motion, such as would be the case in the summary judgment context under Rule 56(d). *See* Rule 56(d)(2) (where party shows by declaration that for specified reasons it cannot present facts essential to justify its opposition, the court may allow time to obtain affidavits or declarations or to take discovery). Having filed its opposition without seeking venue-related discovery in advance, the Court will not allow discovery now that it is apparent that WirelessWerx has not sustained its burden to establish venue in the District of Colorado is proper.

**Transfer to District of Nevada**

But the fact that Plaintiff WirelessWerx has failed to establish that the District of Colorado is a proper venue does not mean the case must be dismissed.

As an alternative to dismissal, 28 U.S.C. § 1404(a) allows for the transfer of any civil action "in the interests of justice" to any other district where it might have been brought. Both Parties agree that the case could have been brought either in Delaware

(where Geotab USA is incorporated) or in Nevada (where Geotab USA has its sole place of business). Geotab USA has asked that, in the event the case is not dismissed, that the case be transferred to the District of Delaware, in part because of that district's expertise with patent law. For its part, as an alternative to dismissal, WirelessWerx would prefer that the case be transferred to Nevada, so as to reduce costs—apparently because the District of Delaware has more stringent entry of appearance requirements as compared to the District of Nevada.

If the case were dismissed for improper venue, then WirelessWerx would just refile the case in the appropriate venue of its choosing—Nevada. It makes little sense, and is contrary to the interests of judicial economy, to dismiss the case if it is just going to be refiled in Nevada. The Court believes it to be in the interest of justice, consistent with judicial economy, and in keeping with Rule 1 to transfer the case to the District of Nevada. When questioned at oral argument specifically on this issue, counsel for Geotab USA did not object to a transfer to the District of Nevada.

For the foregoing reasons, it is **ORDERED** that Defendant Geotab USA's Motion to Dismiss for Improper Venue under Fed. R. Civ. P 12(b)(3) (Dkt. #16) is **DENIED IN PART** and **GRANTED IN PART**.

It is **FURTHER ORDERED** that the Clerk of court shall take all appropriate steps to transfer this case to the District of Nevada pursuant to 28 U.S.C. §1404(a).

BY THE COURT

Date:  October 27, 2023
       Denver, Colorado

*N. Reid Neureiter*
N. Reid Neureiter
United States Magistrate Judge